**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

08 OCT 14  PM 3: 58

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| WENDI R. MORSE and FELICIA KAY PENNINGTON individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO: ) |
| M E R CORPORATION d/b/a DANCERS SHOWCLUB, | ) **1:08-cv-1389 WTL-JMS** ) ) |
| Defendant. | ) ) |

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Wendi R. Morse ("Morse") and Felicia Kay Pennington ("Pennington") (together "Plaintiffs") on their behalf and on behalf of others similarly situated, bring this action against Defendant M E R Corporation d/b/a/ Dancers Showclub ("Dancers Showclub" or "Defendant") and show as follows:

### OVERVIEW

1.      Defendant has failed to pay Plaintiffs and those similarly situated to them in accordance with the Fair Labor Standards Act ("FLSA").  Specifically, Defendant misclassified Plaintiffs as independent contractors, as opposed to employees, at all times in which they worked as Entertainers at Dancers Showclub.  As a result, Defendant failed to pay Plaintiffs, and all other members of the proposed class, the minimum wage that they were entitled to under the FLSA.  In addition, Defendant required Entertainers to pay a percentage of the tips they received to Defendant and to employees who do not customarily receive tips in violation of 29 U.S.C. § 203(m).  Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b).

## PARTIES

2.      Plaintiff Morse is an individual who resides in Marion County, Indiana.  She was employed by Defendant within the meaning of the FLSA within the three year period preceding the filing of this complaint.  At all times hereinafter mentioned, Morse was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206.  Her written consent is attached as Exhibit "A."

3.      Plaintiff Pennington is an individual who resides in Marion County, Indiana.  She was employed by Defendant within the meaning of the FLSA within the three year period preceding the filing of this complaint.  At all times hereinafter mentioned, Pennington was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206.  Her written consent is attached as Exhibit "B."

4.      Defendant owns and operates an adult nightclub.  Dancers Showclub is an Indiana corporation doing business in Indiana.  Dancers Showclub acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and other similarly situated employees. Dancers Showclub is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5.      This Court has jurisdiction over Defendant because Plaintiffs have asserted a claim arising under federal law.

## VENUE

6.      Venue is proper in the Southern District of Indiana pursuant to 29 U.S.C. § 216(b).

## COVERAGE

7.      At all times hereinafter mentioned, Defendant has been an enterprise within the

meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8.      At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTS

9.      Plaintiff Morse was employed by Defendant as an Entertainer from approximately January 2003 to July 2008.  During this time period, Defendant did not pay Morse any wages or other compensation.  Morse generated her income solely through the tips she received from patrons when she performed dances.

10.     Plaintiff Pennington was employed by Defendant as an Entertainer from approximately October 2003 through July 2007.  During this time period, Defendant did not pay Pennington any wages or other compensation.  Pennington generated her income solely through the tips she received from patrons when she performed dances.

11.     Plaintiffs assert that other current and former Entertainers are similarly situated in that they are and/or were subject to Defendant's same policy and practice of misclassifying Entertainers as independent contractors, as opposed to employees, and were not paid the minimum wage required under the FLSA.

12.     The employment terms, conditions, and policies that applied to Plaintiffs were the same as those applied to all other women who worked as Entertainers at Dancers Showclub.

3

13.     During the relevant time period, Defendant classified all women who worked as Entertainers as independent contractors.

14.     Entertainers who dance at Dancers Showclub do not receive any wages or other compensation from Defendant.  Any income Entertainers generate is solely through the tips they receive from patrons when they perform dances.

15.     Defendant controls all advertising and promotion for Dancers Showclub. Entertainers, including Plaintiffs, do not have any control over advertising and promotion for Dancers Showclub.

16.     Entertainers at Dancers Showclub, including Plaintiffs, are not permitted to dance at any other exotic dance nightclub while working for Dancers Showclub.

17.     Defendant sets the hours of operation for Dancers Showclub, sets the show times during which Entertainers can perform, determines the sequence in which an Entertainer performs on stage, determines the types of costumes that can be worn by Entertainers, and controls the conduct of the Entertainers while they work.

18.     Entertainers at Dancers Showclub are required to work a minimum number of shifts per week.  Once a shift starts, Entertainers are required to work a minimum of six (6) hours and cannot leave their shift early.

19.     Defendant sets the minimum tip amount that Entertainers are required to collect from patrons.  Defendant announces the minimum tip amounts to patrons in the nightclub. Defendant dictates the manner and procedure in which tips are collected from patrons and tracked.

20.     At the end of the work shift, Entertainers are required to account to Defendant for all dances performed for the patrons of the nightclub.  Defendant requires that Entertainers pay a

4

set portion of their tips to the disc jockey and to the bar.  Depending upon what time an

Entertainer's shift starts, the Entertainer is also required to pay Dancers Showclub a separate

"house fee."  In addition, Entertainers are required to pay a separate portion of their tips to

Dancers Showclub each time they perform VIP room dances.  All Entertainers are required to

make these payments to the house, disc jockey and bar.

21.     Entertainers do not make any capital investment in Dancers Showclub's facilities,

advertising, maintenance, sound system and lights, food, beverage, or other inventory.

22.     Defendant establishes the hours of operation for Dancers Showclub, and is

responsible for hiring, paying, and supervising the staff, including managers, waitresses,

bartenders, and bouncers.  Entertainers are not involved in staffing, nor are they permitted to hire

or subcontract other qualified individuals to provide dances to patrons.

23.     At all relevant times, Defendant was responsible for maintenance of Dancers

Showclub's facility, inventory, and obtaining all appropriate business insurance and licensing.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

24.     Plaintiffs are similarly situated to other of Defendants' Entertainers in that the

practice and policy of misclassifying Entertainers as independent contractors has affected all

current and former Entertainers who worked for Defendant ("Members of the Class").

25.     Plaintiffs and the Members of the Class all were subject to Defendant's common

business policy of failing to pay wages or any other compensation to Entertainers.

26.     Plaintiffs and the Members of the Class all were subject to Defendant's common

business policy of retaining a percentage of the Entertainer's tips and requiring Entertainers to

share an additional percentage of their tips with co-employees who do not customarily receive

tips.

27.     Defendant's failure to pay minimum wage as required by the FLSA results from a policy or practice applicable to Plaintiffs and the Members of the Class.  Application of this policy or practice does not depend on the personal circumstances of the Plaintiffs or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiffs applied to all Members of the Class.  Accordingly, the class is properly defined as:

**All current and former employees of Defendant who worked as Entertainers.**

28.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage compensation with respect to Plaintiffs and the Members of the Class.

**COUNT ONE:  FAILURE TO PAY WAGES IN
ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

29.     During the relevant time period, Defendant has violated and is violating the provisions of 29 U.S.C. §§ 203 and 206 by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating these employees for their employment and requiring employees to pay a percentage of their tips to Defendant and other employees who do not customarily receive tips.  Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

a.     An Order pursuant to Section 16(b) and 203(m) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), in addition

6

to wages equal to the amount they were required to tip-out to Defendant and other employees, and for liquidated damages equal in amount to the unpaid compensation and tips found due to Plaintiffs;

      b.     An Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

      c.     An Order awarding Plaintiffs (and those who have joined in the suit) their attorneys fees;

      d.     An Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law

      e.     An Order enjoining future violations of the FLSA; and

      e.     An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Philip J. Gibbons, Jr. (#19353-49)

Andrew G. Jones (#23020-49)

GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290
Telephone:    (317) 706-1100
Facsimile:    (317) 616-3336
E-Mail:    pgibbons@gibbonsjones.com
          ajones@gibbonsjones.com

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of others similarly situated, by counsel, demand a trial by jury on all issues deemed so triable.

Respectfully submitted,

Philip J. Gibbons, Jr. (#19353-49)
Andrew G. Jones (#23020-49)

GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290
Telephone:     (317) 706-1100
Facsimile:     (317) 616-3336
E-Mail:        pgibbons@gibbonsjones.com
               ajones@gibbonsjones.com

Attorneys for Plaintiffs