# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| WENDI R. MORSE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Cause No. 1:08-cv-1389-WTL-TAB |
| | ) |
| MER CORPORATION d/b/a DANCERS SHOWCLUB, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTIONS IN LIMINE

Before the Court are two motions in limine, one filed by the Plaintiffs (Docket No. 88) and one filed by the Defendant (Docket No. 100). These motions are fully briefed and the Court being duly advised, now **DENIES** the Plaintiffs' motion and **GRANTS** the Defendant's motion. In addition, the Plaintiffs' Motion to Strike the Defendant's Response (Docket No. 98) is **DENIED AS MOOT** and the Plaintiffs' Motion to Strike the Defendant's Motion in Limine (Docket No. 103) is **DENIED**.

The Plaintiffs' motion in limine seeks to preclude the Defendant from referencing two items at trial: (1) the "alleged industry custom and practice with respect to the payment of Entertainers" and (2) "the hours that [the Defendant] claims were worked by Plaintiffs." Docket No. 89 at 1-2. With respect to the alleged industry custom and practice, the Plaintiffs argue that this evidence is not relevant and is thus inadmissible. Even if the evidence is relevant, the Plaintiffs claim that "whatever probative value such evidence may have is substantially outweighed by the danger that it will cause unfair prejudice, confusion of the issues, or mislead the jury." *Id*. at 3. Thus, the Plaintiffs argue that FED. R. EVID. 403 bars introduction of this

evidence.  In response, the Defendant asserts that evidence of industry custom and practice is relevant and admissible because it helps prove the affirmative defense of good faith, which would preclude an award of liquidated damages.

The Fair Labor Standards Act ("FLSA") authorizes district courts "to award liquidated double damages against employers who violate the FLSA." *Bankston v. State of Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995) (citing 29 U.S.C. § 216(b)).  However, a court "may choose not to award liquidated damages where the employer shows that it acted in good faith with reasonable grounds to believe that its actions did not violate the FLSA." *Id.* (citing 29 U.S.C. § 260).  To prove the good faith defense, an employer must prove both its "subjective intent to comply with the Act, as well as evidence of objective reasonableness in the employer's application of the Act." *Castro v. Chicago Housing Authority*, 360 F.3d 721, 730 (7th Cir. 2004).

Thus, in the instant case, the Defendant must prove its subjective intent to comply with the FLSA in order to avoid liquidated damages.  The evidence about the Defendant's compliance with industry custom and practice is relevant to the subjective portion of the good faith defense.  Further, the probative value of this evidence is not substantially outweighed by the risk of unfair prejudice.  Therefore, the Plaintiffs' motion is **DENIED**.  The Defendant may introduce evidence of industry custom and practice for the limited purpose of proving the subjective portion of the good faith defense only.

With respect to the number of hours worked, the Plaintiffs argue that because the Defendant failed to comply with the FLSA's recordkeeping provisions, the Defendant should not be permitted to introduce its records regarding the number of hours worked by the Plaintiffs.  The Plaintiffs also allege that "the records in no way track how many hours the Plaintiff[s]

worked during those shifts." Docket No. 89 at 7.  In addition, the Plaintiffs claim that "the records may not accurately reflect the total number of shifts each Plaintiff worked." *Id*.  Finally, the Plaintiffs assert that the "Defendant is unable to demonstrate that a particular record actually corresponds to a particular Plaintiff and, therefore, it cannot establish [relevance]." *Id*. at 8.

As an initial matter, the Court notes that there is no support in the case law for the Plaintiffs' argument that failure to comply with the FLSA's recordkeeping provisions renders employment records inadmissible at trial.  Thus, the Plaintiffs' first argument is unavailing.  Also unconvincing is the Plaintiffs' relevance argument.  The employment records, incomplete or not, are certainly relevant.  And, to the extent that the Plaintiffs argue that Rule 403 bars admission of this evidence, the Court does not believe that the probative value of this evidence is substantially outweighed by the risk of unfair prejudice.  Accordingly, the Plaintiffs' motion is also **DENIED** as to this evidence.

The Defendant has also filed a motion in limine (Docket No. 100).  In it, the Defendant seeks to preclude the "Plaintiffs from presenting, offering or making reference to any evidence of claims held by Plaintiffs, opt-in Plaintiffs or any other individual who does not testify in person at the trial of this cause (in the absence of a stipulation)." Docket No. 100 at 1.  The Defendant argues that because "each Plaintiff or opt-in Plaintiff must present sufficient proof of the hours for which she was uncompensated . . . plaintiffs or plaintiffs' witnesses cannot assert a claim on behalf of an individual who has not testified before the jury (in the absence of a stipulation)." Docket No. 101 at 2.  The Plaintiffs do not challenge this assertion.

The Court does not believe that either the names of individuals who did not opt-in to this litigation or the names of individuals who choose not to testify at trial (in the absence of a

3

stipulation) are relevant. Further, the Court believes that referencing the claims of individuals who elected not to join this litigation may confuse or mislead the jury. Accordingly, the Court **GRANTS** the Defendant's motion in limine.

SO ORDERED: 11/22/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Philip J. Gibbons Jr.
Gibbons Jones, P.C.
pgibbons@gibbonsjones.com

Dorothy Ann Hertzel
Gilroy Kammen & Hill
doriehertzel@gmail.com

Andrew G. Jones
Gibbons Jones, P.C.
ajones@gibbonsjones.com

Richard Kammen
Gilroy Kammen & Hill
rkamm@iquest.net